## DAVIES v. ANGLO-AMERICAN AUTO TIRE CO. et al.

(Supreme Court, Trial Term, New York County.   October 23, 1913.)

1. MASTER AND SERVANT (§ 302*)—NEGLIGENCE OF SERVANT—INJURIES TO THIRD PERSONS—MASTER'S LIABILITY.

Where a chauffeur, while operating an automobile, injures a third person, the test of the owner's liability is whether the chauffeur at the time was acting within the scope of his employment; it being immaterial whether the owner was ignorant of or consented to the chauffeur's use of the automobile at the time.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217–1221, 1225, 1229; Dec. Dig. § 302.*]

2. MASTER AND SERVANT (§ 302*)—INJURIES TO THIRD PERSONS—OPERATION OF AUTOMOBILE.

Where the owner of an automobile permitted his chauffeur and certain companions to use it for pleasure, and while so using it plaintiff was injured by the chauffeur's negligence in operating it, the owner was not liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217–1221, 1225, 1229; Dec. Dig. § 302.*]

Action by one Davies against the Anglo-American Auto Tire Company and another.   Verdict for defendants.   On motion to vacate. Denied.

Corbitt & Stern, of New York City, for plaintiff.

Samuel Greason, Jr., of New York City (Ed. Treacy, of New York City, on the brief), for defendants.

COHALAN, J.  [1, 2]  The question, so far as the defendant Anglo-American Auto Tire Company is concerned, is whether the chauffeur at the time of the accident was acting within the scope of his employment.   The question of the ignorance or consent of the master has no bearing upon his liability.  Cunningham v. Castle, 127 App. Div. 580, 111 N. Y. Supp. 1057.   The jury has found a general verdict for both defendants, and in addition has found specially (1) that the accident was caused by the negligence of the chauffeur, and (2) that the automobile was being used by the chauffeur and his companions for pleasure purposes.   The failure to find on the two other requests submitted is neither inconsistent with the general verdict nor with the two specific requests answered by the jury.   The disputed question involves the knowledge or consent of the master.   Even if the chauffeur had the consent of the master, in view of the answer to the second question the master could not be held liable.   In the case above cited the automobile was being used by the chauffeur with the permission of the master, and while the chauffeur was driving the car, accompanied by others, the plaintiff was injured.   Under these circumstances in that case the master was relieved from liability.

Motion to set aside the verdict is denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes